CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
DEC 03 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SHARON A. SMITH, | ) CASE NO. 5:11CV00098 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) By: B. WAUGH CRIGLER |
| Defendant. | ) U.S. MAGISTRATE JUDGE |

This challenge to a final decision of the Commissioner which denied plaintiff's April 19, 2010 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on July 29, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, October 29, 2009, and that she met the insured status requirements under the Act through September 30, 2012. (R. 12.) The Law Judge determined plaintiff suffered the following severe impairments: affective disorder, anxiety disorder, hypertensive cardiovascular disease, and discogenic disc disease. (*Id.*) The Law Judge did not believe she had an impairment or

combination of impairments which met or medically equaled a listed impairment. (R. 13.) The Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce some symptoms of the general type alleged, but that her statements and those made by her mother concerning the intensity, persistence and limiting effects of these symptoms were "not credible" in light of the longitudinal record as a whole. (R. 16.) The Law Judge further found that plaintiff possessed the residual function capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[1], but with no climbing of ladders, ropes or scaffolds and only occasional performance of other postural activities (climbing stairs or ramps, balancing, stooping, kneeling, crouching and crawling). (R. 15.) Further, he found that plaintiff was limited, but not precluded, in her abilities to understand/remember/carry out detailed instructions, maintain attention/concentration for extended periods, complete a normal workday/workweek without interruptions from psychologically based symptoms, perform at a consistent pace, and interact appropriately with the general public. (*Id.*) The Law Judge determined that plaintiff's RFC precluded her from performing her past relevant work as an assembly worker and cafeteria cook, but that other jobs exist in substantial numbers in the national economy that she could perform. (R. 22-23.) Ultimately, the Law Judge found plaintiff was not disabled under the Act. (R. 24.)

Plaintiff appealed the Law Judge's July 29, 2011 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

[1] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff has filed a *pro se* brief which the undersigned construes as a motion for summary judgment and brief in support thereof. (Dkt. No. 13.) While plaintiff makes numerous complaints, it is difficult for the undersigned to discern the precise legal arguments she wishes the court to consider. Thus, the undersigned has performed a full general review of the record and will assess whether the Law Judge's decision is supported by substantial evidence at each step in the sequential evaluation.

At step one in the sequential evaluation, the Law Judge found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, October 29, 2009. (R. 12.) The Law Judge determined that plaintiff's affective disorder, anxiety disorder, hypertensive cardiovascular disorder, and discogenic disc disease were severe impairments at step two in the sequential evaluation.[2] (*Id.*) The Law Judge's findings at these two steps were favorable to the plaintiff and are supported by substantial evidence.

---

[2]A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple

3

At step three in the sequential evaluation, the Law Judge found that plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. (R. 13.) A claimant bears the burden of proving that his impairments, alone or in combination, meet or equal a listed impairment. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987) (noting the claimant has the burden of showing that he or she has a medically severe impairment or combination of impairments and that the Act requires him to furnish medical evidence regarding his condition). For the reasons more fully set forth below, the undersigned concludes that the Law Judge's finding that plaintiff failed to meet his burden of establishing a listed impairment is supported by substantial evidence.

The Law Judge found that plaintiff's musculoskeletal impairment did not meet Listing 1.00 (musculoskeletal system). (R. 13.) The Law Judge noted that the record did not establish ineffective ambulation requiring an assistive device to ambulate or an inability to perform fine or gross movements effectively. (*Id.*) A consultative examiner noted in October 2010 that plaintiff had a normal, nonataxic gait and was able to ambulate without assistive devices. (R. 445-446.) The Law Judge also found that the record did not show that plaintiff suffered any medically determinable impairment of her upper extremities that significantly limited fine or gross movement during the period at issue. (R. 13.) The consultative examiner who performed the examination in October 2010 found that plaintiff had a grip strength of 5/5 in her upper extremities bilaterally, and she had grip strength of 5/5. (R. 445.) Finally, the Law Judge noted that there were no reported objective findings, such as x-rays, MRIs, or other imaging results,

---

instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

4

which show that she suffered an abnormality of either upper extremity. (R. 13.) Thus, the Law Judge's finding that plaintiff did not meet Listing 1.00 is supported by substantial evidence.

The record reveals plaintiff suffered a heart attack and triple bypass surgery in June 2007 (R. 418), but the Law Judge found that her cardiac condition did not meet any Listing in section 4.00 (cardiovascular system). (*Id.*) The Law Judge found that the evidence did not establish chronic heart failure, ischemic heart disease (with a sign-or-symptom limited exercise tolerance test, three separate ischemic episodes requiring revascularization within a twelve month period, or coronary artery disease resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living), recurrent arrhythmias, symptomatic congenital heart disease, heart transplant, an aneurysm of the aorta or other major branches, chronic venous insufficiency, or peripheral arterial disease. (*Id.*) Actually, the record reveals plaintiff enjoys a regular rhythm and rate, and she suffers no murmurs, rubs, or gallops. (R. 445.) Accordingly, the Law Judge's finding that plaintiff did not meet Listing 4.00 is supported by substantial evidence.

The Law Judge concluded that plaintiff's mental impairment, considered singly or in combination, did not meet or medically equal Listings 12.04 (affective disorders) and 12.06 (anxiety related disorders). (R. 13.) This finding, likewise, is supported by substantial evidence for several reasons. Initially, the Law Judge found that plaintiff's activities of daily living were only moderately restricted, which is supported by the evidence of psychologist Nicole Sampson, Ph.D., who concluded that plaintiff's activities of daily living were only moderately limited. (R. 14, 100.) The record reveals plaintiff reported an ability to live alone and is able to attend to her basic activities of daily living, including the ability to feed, bathe, and dress herself. (R. 296,

5

443-444). The Law Judge found that plaintiff suffered only mild difficulties in social functioning. (R. 14.) This is supported by the evidence of Dr. Sampson who opined plaintiff suffered only mild difficulties in maintaining social functioning. (R. 100.) The Law Judge found that plaintiff experienced only moderate difficulties with regard to concentration, persistence or pace. (R. 14.) This, too, is based on Dr. Sampson's finding that plaintiff suffered only moderate difficulties in maintaining concentration, persistence or pace. (R. 100.) Finally, the Law Judge determined that plaintiff had experienced no episodes of decompensation of an extended duration because there was no evidence of such. (R. 14.) This finding, again, is supported by Dr. Sampson's report. (R. 100.) The Law Judge's finding that plaintiff's mental impairment did not meet or equal Listings 12.04 and 12.06 is supported by substantial evidence.

Turning to the next step in the sequential evaluation, the Law Judge found that plaintiff retained the RFC to perform a range of light work, but with no climbing of ladders, ropes or scaffolds and only occasional performance of other postural activities (climbing stairs or ramps, balancing, stooping, kneeling, crouching and crawling). (R. 15.) Further, the Law Judge found that plaintiff was limited, but not precluded, in her abilities to understand/remember/carry out detailed instructions, maintain attention/concentration for extended periods, complete a normal workday/workweek without interruptions from psychologically based symptoms, perform at a consistent pace, and interact appropriately with the general public. (*Id.*)

The Law Judge's finding that plaintiff can perform a range of light exertional work is supported by her own treating sources. On September 11, 2009, Foroozan Afsharchi, M.D. concluded that plaintiff could perform light physical demand work as defined by the Department of Labor. (R. 375-376.)

6

Damien LaPar, M.D., a consulting physician, opined that plaintiff's abilities to stand or walk or sit in an eight-hour workday were not restricted. (R. 446.) Dr. LaPar believed that plaintiff could carry or lift twenty pounds occasionally and fifteen pounds frequently. (*Id.*) He further found that plaintiff could reach, handle, feel, grasp and finger objects both frequently and occasionally with no restrictions. (*Id.*) Finally, he determined plaintiff had only mild restrictions on bending, stooping, crouching, and squatting with no visual or communicative limitations. (*Id.*)

The Law Judge's RFC finding is also supported by the opinions offered by the State agency record reviewing physicians. On October 18, 2010, Luc Vinh, M.D. evaluated plaintiff's medical records and completed a physical assessment. (R. 88-89.) The physician opined that plaintiff could lift and/or carry (including upward pulling) twenty pounds occasionally and ten pounds frequently. (R. 88.) Plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday, and she could sit (with normal breaks) for a total of about six hours in an eight-hour workday. (*Id.*) Plaintiff's ability to push and/or pull (including the operation of hand and/or foot controls) was limited in that she was restricted in her ability to operate foot controls frequently with her left lower extremity. (*Id.*) Dr. Vinh believed plaintiff could occasionally climb ramps/stairs, occasionally climb ladders/ ropes/scaffolds, occasionally stoop, occasionally kneel, occasionally crouch, and occasionally crawl. (R. 88-89.) He further concluded that plaintiff had no manipulative, visual, communicative, or environmental limitations. (R. 89.) On February 9, 2011, a second State agency record reviewing physician, William Amos, M.D., also concluded that plaintiff could perform a range of light exertional

work. (R. 118-120.) Thus, the undersigned concludes that the Law Judge's finding that plaintiff was able to perform a range of light exertional work is supported by substantial evidence.

The opinions offered by the State agency psychological examiners provide further support for the Law Judge's RFC finding. On October 28, 2010, Nicole Sampson, Ph.D. completed a mental assessment. (R. 89-90.) Sampson opined that plaintiff did not suffer any limitations on understanding or memory, but that she did suffer limitations in sustained concentration and persistence. (R. 89.) Dr. Sampson found that plaintiff was not significantly limited in the following areas: ability to carry out very short and simple instructions; ability to carry out detailed instructions; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to sustain an ordinary routine without special supervision; ability to work in coordination with or in proximity to others without being distracted by them; and ability to make simple work-related decisions. (R. 89-90.) The psychologist opined that plaintiff was only moderately limited in her ability to maintain attention and concentration for extended periods and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (*Id.*) Finally, Dr. Sampson concluded that plaintiff did not suffer social interaction limitations or adaptation limitations. (R. 90.)

On February 11, 2011, State agency record reviewer Yvonne Evans, Ph.D. completed a mental assessment. (R. 135-136.) This psychologist found that the evidence suggested that plaintiff was moderately limited in her ability to understand/remember detailed instructions and that plaintiff would be able to recall short and simple instructions, but that she would also have

8

Case 5:11-cv-00098-MFU-BWC Document 19 Filed 12/03/12 Page 8 of 10 Pageid#: 590

difficulty recalling and understanding complex or detailed information. (R. 135.) Dr. Evans concluded that plaintiff would have difficulty with work activities that demand that she work at a rapid pace and with high levels of focus for long periods of time. (R. 136.) The psychologist further concluded that plaintiff could be expected to attend/concentrate for two hour periods in order to complete an eight hour workday. (*Id.*)

At step four, the Law Judge determined that plaintiff's RFC precluded her from performing her past relevant work as an assembly worker and cafeteria cook, both of which were classified as medium exertional work. (R. 22.) The Law Judge's finding at this step was favorable to the plaintiff. Moreover, this finding is supported by substantial evidence.

At the final step in the sequential evaluation, the Law Judge found that there were other jobs available in the national economy that plaintiff could perform. (*Id.*) Based on evidence provided by a vocational expert ("VE") at the hearing in response to some of his questions, the Law Judge found that plaintiff could work as a short order cook, cafeteria attendant, packing and filing machine operator/tender, all jobs available in the national economy. (R. 23, 61-62.) The undersigned notes that the Law Judge and plaintiff's counsel posed questions to the VE based upon the full panoply of limitations potentially relevant in this case. There is no question that if plaintiff had no skills transferrable to sedentary work and needed to miss work as much as one day per month there would be no jobs available to her. (R. 64-66.) However, these hypothetical circumstances were not found by the Law Judge when he concluded that though disabled from her past relevant work, she possessed the RFC to perform a limited range of light work, which, of course includes sedentary work. Because this finding has been found supported by substantial

9

evidence, the vocational conclusion to be drawn therefrom that plaintiff was not disabled also is supported by substantial evidence.

Having determined that the Law Judge's findings at each step of the sequential evaluation are supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

12/3/12
Date